# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## CHERYL S. MURPHY v. CARL D. MARTIN, ET AL.

**Direct Appeal from the Circuit Court for Davidson County**
**No. 98C-70     Hamilton V. Gayden, Jr., Judge**

---

**No. M1999-02273-COA-R3-CV - Decided July 13, 2000**

---

The trial court dismissed this negligence action for the failure to prosecute. On appeal the plaintiff asserts that she did not have adequate notice that her lawsuit was in jeopardy. We affirm the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

CANTRELL, P.J., M.S., delivered the opinion of the court, in which KOCH and CAIN, JJ. joined.

Cheryl S. Murphy, Antioch, Tennessee, Pro Se

## MEMORANDUM OPINION[1]

On January 9, 1998, the appellant, acting pro se, filed a complaint against two defendants seeking to recover a judgment for personal injuries she sustained in an automobile accident. Neither defendant filed an answer, and no further action was taken by the plaintiff. On February 3, 1999, the circuit court filed and served notice on the appellant that the case would be dismissed unless the plaintiff set the case for trial within thirty days or obtained the court's permission to proceed. On February 26, 1999, the plaintiff did file a motion to be allowed to proceed. The motion itself did not offer any reason for the long delay and the motion was not supported by the plaintiff's affidavit stating any reasons. The record does not contain any evidence that the plaintiff attempted to get the

---

[1]     Rule 10 of the Rules of the Court of Appeals reads as follows:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

court to act on the motion. On August 18, 1999, the court dismissed the complaint for want of prosecution.

On September 2, 1999, the plaintiff filed a motion for relief from the judgment under Rule 60.02, Tenn. R. Civ. Proc. That motion is apparently still pending.

Appellant's assertion on appeal that she did not have adequate notice that her action was about to be dismissed is completely refuted by the record. She does not assert that she did not get the February 3 notice, and, in fact, we could infer that her receipt of that order prompted her to file the motion of February 26. Even then, the court did not dismiss the case for nearly six months.

The appellant states on appeal that she was involved in several other car accidents after she filed the complaint in this case. The last accident, in December of 1998, allegedly left her disabled and unable to prosecute this action. But this court is not the place to introduce that proof. So far as the record shows, that evidence has never been introduced in the trial court, and was never even pled until after the case had been dismissed.

We take no position in this appeal on the rule 60.02 motion filed in the trial court, nor on the appellant's ability to refile the action pursuant to Tenn. Code Ann. § 28-1-105.

The judgment of the trial court is affirmed and the cause is remanded to the Circuit Court for Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant Cheryl S. Murphy.